UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LESHA HAMPTON, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC.,<br><br>BERKSHIRE HILLS BANCORP, INC. DBA BERKSHIRE BANK,<br><br>and JOHN DOES 1-25.<br><br>Defendant(s). | CIVIL ACTION FILE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

_____

**COMPLAINT**

Plaintiff Lesha Hampton ("Plaintiff"), a Georgia Resident, brings this Class Action Complaint by and through her attorneys, and as and for her Complaint against Defendants Equifax Information Services, LLC ("Equifax") and Berkshire Hills Bancorp, Inc. dba Berkshire Bank ("Berkshire"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except

1

for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

2. Plaintiff is a resident of this State, District and Division with a mailing address at 223 Dry Pond Road, Covington, GA, 30016.

3. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

4. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax Information Services is a Georgia corporation, with an address at 1550 Peachtree Street, N.W., Atlanta, GA, 30309.

5. At all times material here to Equifax Information Services is a consumer reporting agency regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

6. At all times material hereto, Equifax Information Services disbursed such consumer reports to third parties under a contract for monetary compensation.

7. Defendant Berkshire Hills Bancorp, Inc. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service c/o CT Corp, 155 Federal St, Ste 700, Boston, MA, 02110.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Georgia;

    b. for whom First Choice Bank (currently owned by Berkshire Bank);

    c. continued to report an account to the credit bureaus (defined as but not limited to Trans Union, Equifax and Equifax);

    d. despite the debt being too old to still be reported;

    e. for which these accounts were being reported on a consumer's credit report within five (5) years prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant Berkshire Bank has been reporting debts that were past the legal time for reporting, as well as the Bureaus failure to recognize this issue and delete these accounts.

15. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    f. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

g. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' reporting of debts no longer legally owed by consumers, and failure to delete timely upon a dispute violate 15 U.S.C. § l692n and §1692o.

h. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

i. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    j. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### First Choice Bank Account/Berkshire Bank

20. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding the Plaintiff's First Choice Bank account.

21. First Choice Bank has been acquired by Defendant Berkshire Bank.

22. Plaintiff notified the Bureaus that she disputed the accuracy of the information being reporting, with a letter sent on or around January 11, 2018.

23. Specifically the last payment on the account is listed as May 1, 2010 and would be past the allowable 7 year reporting period.

24. Further the credit report reflects the account being charged off, and after charge continuous markings of 180 days late.

25. The account once charged off must remain in this state unless a payment is made, which did not happen in this instant.

26. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Berkshire Bank failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff, specifically the post charge off late

notations, and more importantly the account being too old to for credit reporting to occur at all.

27. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Equifax Information Services did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

## **FIRST CAUSE OF ACTION**
### **(Willful Violation of the FCRA as to Equifax)**

28. Plaintiff incorporates by reference paragraphs 1-27 of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

29. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

30. Equifax Information Services violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible

accuracy in the preparation of the credit report and credit files that Equifax Information Services maintained concerning the Plaintiff.

31. Equifax Information Services has willfully and recklessly failed to comply with the Act. The failure of Equifax Information Services to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax Information Services had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax Information Services to delete;

h) The failure to take adequate steps to verify information Equifax Information Services had reason to believe was inaccurate before including it in the credit report of the consumer.

32. As a result of the conduct, action and inaction of Equifax Information Services, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

33. The conduct, action and inaction of Equifax Information Services was willful rendering Equifax Information Services liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

34. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax Information Services in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Lesha Hampton, an individual, demands judgment in her favor against Defendant, Equifax Information Services, LLC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

35. Plaintiff incorporates by reference paragraphs 1-27 of this Complaint of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

36. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

37. Equifax Information Services violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

38. Equifax Information Services has negligently failed to comply with the Act. The failure of Equifax Information Services to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax Information Services had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax Information Services to delete;

    h) The failure to take adequate steps to verify information Equifax Information Services had reason to believe was inaccurate before including it in the credit report of the consumer.

39. As a result of the conduct, action and inaction of Equifax Information Services, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

40. The conduct, action and inaction of Equifax Information Services was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

41. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax Information Services in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Lesha Hampton, an individual, demands judgment in her favor against Defendant, Equifax Information Services, LLC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **THIRD CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Berkshire Bank.)**

42. Plaintiff incorporates by reference paragraphs 1-27 of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

43. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

44. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

45. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

46. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Berkshire Bank must report the results to other agencies which were supplied such information.

47. The Defendant violated 15 U.S.C. § 1681s by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

48. As a result of the conduct, action and inaction of the Defendant Berkshire Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

49. The conduct, action and inaction of Defendant Berkshire Bank was willful, rendering Berkshire Bank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

50. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Berkshire Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Lesha Hampton, an individual, demands judgment in her favor against Defendant, Berkshire Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Berkshire Bank.)

51. Plaintiff incorporates by reference paragraphs 1-27 of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

52. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

53. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

54. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

55. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Berkshire Bank must report the results to other agencies which were supplied such information.

56. After receiving the Dispute Notice from Equifax, Berkshire Bank negligently failed to conduct its reinvestigation in good faith.

57. A reasonable investigation would require a furnisher such as Berkshire Bank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

58. The conduct, action and inaction of Defendant Berkshire Bank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

59. As a result of the conduct, action and inaction of Berkshire Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

60. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Berkshire Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Lesha Hampton, an individual, demands judgment in her favor against Defendant, Berkshire Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

61. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lesha Hampton, individually and on behalf of all others similarly situated, demands judgment from Defendants Equifax, and Berkshire Bancorp Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Mason, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper

Dated:   May 17, 2018                    Respectfully Submitted,

/s/ Jonathan Mason
*Attorney for Plaintiff*
Jonathan B. Mason, Esq.
Georgia Bar No. 475659
Mason Law Group, P.C.
1100 Peachtree Street, NE, Suite 200
Atlanta, GA 30309
Phone: 404.920.8040
Fax: 404.920.8039
Email: jmason@atlshowbizlaw.com